UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>            Plaintiff,      )<br>                              )<br>    v.                        )   CRIMINAL NO. 05-10203-RWZ<br>                              )<br>(1) MARIO VIANA                )<br>(2) JULIO VIANA                ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**ZOBEL, D.J.,**

WHEREAS, on November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two); Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four); and Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and charging Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five); and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen);

WHEREAS, the First Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in

the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a)(6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461, including without limitation:

    a sum of United States Currency not less than fifteen
    thousand dollars ($15,000.00);   Mario

WHEREAS, the Second Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana (collectively, the "Defendants") of the offense charged in Count Five of the Superseding Indictment, of any property, real or personal involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1), including, but not limited to:

    a sum of United States Currency not less than one
    million dollars ($1,000,000.00);   Julio

WHEREAS, the First and Second Forfeiture Allegations of the Superseding Indictment both further provided that, if any of the

2

forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; © has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461, incorporating by reference 21 U.S.C. § 853 (p), to seek forfeiture of any other property of Defendants up to the value of the property described in subparagraphs (a) through (e) above;

WHEREAS, on February 28, 2006, the Defendants pled guilty to Counts One through Five of the Superseding Indictment, and at the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States provided the Court with a basis for the forfeitures alleged in the Superseding Indictment, and the Court advised the Defendants of the applicable forfeitures;

WHEREAS, the United States moved on May 8, 2006 for the entry of, <u>inter alia</u>, (a) a personal money judgment against Defendant Mario Viana, in the amount of $15,000.00 in United States currency; and (b) a personal money judgment against Defendants Mario Viana and Julio Viana, jointly and severally, in the amount of $1,000,000.00 in United States currency;

WHEREAS, because of the acts or omissions of Defendant Mario Viana, the specific assets that constitute or were derived from proceeds traceable to the commission of the offenses to which he has pled guilty are no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p), incorporated by reference in 18 U.S.C. § 982 and 28 U.S.C. § 2461©;

WHEREAS, on June 28, 2005, agents with the United States Department of Homeland Security seized $5,402.00 in United States currency (the "Currency") from Mario Viana at 111 Central Street, Peabody, Massachusetts;

WHEREAS, as a result of Defendant Mario Viana's guilty plea, and pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), incorporated by reference in 18 U.S.C. § 982 and 28 U.S.C. § 2461©, the United States is now entitled to an order forfeiting other property of Defendant Mario Viana, as a substitute for the unavailable property ordered forfeited;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for Issuance of a Preliminary Order of Forfeiture is granted.

2. Pursuant to 21 U.S.C. § 853(p), incorporated by reference in 18 U.S.C. § 982 and 28 U.S.C. § 2461©, all right, title and interest of Defendant Mario Viana in the Currency is

hereby forfeited to the United States of America for disposition according to law.

3. The United States Department of Homeland Security shall hold the Currency in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Department of Homeland Security Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of

5

the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to Defendant Mario Viana at the time of sentencing, will be part of Defendant Mario Viana's criminal sentence, and will be included in the criminal judgment entered by this Court against Defendant Mario Viana.

_____
RYA W. ZOBEL
United States District Judge

Dated: June 5, 2006