UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>       v.<br><br>(1) MARIO VIANA<br>(2) JULIO VIANA | )<br>)<br>)<br>) CRIMINAL NO. 05-10203-RWZ<br>)<br>)<br>) |

**ORDER OF FORFEITURE**

**ZOBEL, D.J.,**

WHEREAS, on November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two), Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four), and Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and charging Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen);

WHEREAS, the First Forfeiture Allegation of the Superceding Information sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in

the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a)(6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324 (b) and 28 U.S.C. § 2461, including, without limitation:

> a sum of United States Currency not less than fifteen thousand dollars ($15,000.00);

WHEREAS, the Second Forfeiture Allegation of the Superseding Information sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana of the offense charged in Count Five of the Superseding Indictment, of any property, real or personal involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1), including, but not limited to:

> a sum of United States Currency not less than one million dollars ($1,000,000.00);

WHEREAS, the Third Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of Defendant Julio Viana's conviction of the offenses charged in Counts Six through

Eighteen of the Superseding Indictment, of all property, real or personal involved in such offenses, and any property traceable to such property, pursuant to 31 U.S.C. § 5317, including, but not limited to:

> a sum of United States Currency not less than one hundred three thousand and five hundred dollars ($103,500.00);

WHEREAS, the First, Second, and Third Forfeiture Allegations of the Superseding Indictment all further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317, and 28 U.S.C. § 2461, all incorporating by reference 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendants up to the value of the property described in subparagraphs (a) through (e) above;

WHEREAS, at a February 28, 2006 hearing held pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendants pled guilty to Counts One through Eighteen of the Superseding Indictment, the United States provided the Court with

a basis for the forfeitures alleged in the Superseding Indictment, and the Court advised the Defendants of the applicable forfeitures;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of:

    (a) a personal money judgment against Defendant Mario Viana, in the amount of $15,000.00 in United States currency;

    (b) a personal money judgment against Defendant Julio Viana, in the amount of $103,500.00 in United States currency; and

    (c) a personal money judgment against Defendants Mario Viana and Julio Viana, jointly and severally, in the amount of $1,000,000.00 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Mario Viana shall forfeit to the United States the sum of $15,000.00 in United States currency, pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461.

2.   Defendant Julio Viana shall forfeit to the United States the sum of $103,500.00 in United States currency, pursuant to 31 U.S.C. § 5317.

3.   Defendants Mario Viana and Julio Viana shall forfeit to the United States, jointly and severally, the sum of $1,000,000.00 in United States currency, pursuant to 18 U.S.C. § 982(a)(1).

4.   This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

5.   The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraphs 1 through 3 to satisfy the money judgments in whole or in part.

Date: 6/5/06

/s/ Rya W. Zobel
RYA W. ZOBEL
United States District Judge

5